UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS M. REDDICK,<br><br>                Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | Case No.:  16cv00029 BTM(BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, VACATING ALJ'S DECISION, AND REMANDING CASE** |

     In this action, Plaintiff Thomas M. Reddick seeks review of the Commissioner of Social Security's denial of his application for a period of disability and disability insurance benefits.  Plaintiff and Defendant have filed cross-motions for summary judgment.  For the reasons discussed below, the Court **GRANTS** Plaintiff's motion for summary judgment, **DENIES** Defendant's motion for summary judgment, **VACATES** the Commissioner's decision, and **REMANDS** for further proceedings.

## I. PROCEDURAL BACKGROUND

     On February 17, 2011, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning July 20, 2010.  Plaintiff's claim was denied initially on June 30, 2011, and upon reconsideration on January 20, 2012.

     On May 3, 2013, Plaintiff's claim was heard by Administrative Law Judge Robert Iafe (the "ALJ").  On December 27, 2013, the ALJ issued a decision denying benefits.  Plaintiff filed a request for review with the Appeals Council, which was denied on June 8, 2015.  The ALJ's decision then became the final decision of the Commissioner of Social Security.  Plaintiff seeks judicial review of the

Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II. <u>ALJ'S FINDINGS AND CONCLUSIONS</u>

The ALJ conducted the five-step sequential analysis set forth in 20 C.F.R. § 404.1520.[1]

At the outset, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016. (AR 26.)

The ALJ then found that Plaintiff had not engaged in substantial gainful activity since July 20, 2010, the alleged onset date.

Next, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, status post decompression and fusion; spondylosis (arthritis); spondylolisthesis at L5-S1 (described as grade 1) with bilateral foraminal narrowing and impingement; and obesity (20 C.F.R. 404.1520(c)).

The ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step five, the ALJ found that Plaintiff has the residual functional capacity to: lift and carry 10 pounds frequently and 20 pounds occasionally; stand and walk up to 4 hours out of an 8-hour day for no more than 30 minutes at a time; sit up to

---

[1] Under the Social Security Regulations, the determination of whether a claimant is disabled within the meaning of the Social Security Act is a five step process. The five steps are as follows: (1) Is the claimant presently working in any substantially gainful activity?  If so, then the claimant is not disabled.  If not, then the evaluation proceeds to step two. (2) Is the claimant's impairment severe?  If not, then the claimant is not disabled.  If so, then the evaluation proceeds to step three.  (3) Does the impairment "meet or equal" one of a list of specific impairments set forth in Appendix 1 to Subpart P of Part 404?  If so, then the claimant is disabled.  If not, then the evaluation proceeds to step four.  (4) Is the claimant able to do any work that she has done in the past?  If so, then the claimant is not disabled.  If not, then the evaluation proceeds to step five.  (5) Is the claimant able to do any other work?  If not, then the claimant is disabled.  If, on the other hand, the Commissioner can establish that there are a significant number of jobs in the national economy that the claimant can do, the claimant is not disabled. 20 C.F.R. § 404.1520. See also <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

6 hours out of an 8-hour day; occasionally climb stairs and ramps but never climb ladders, ropes, or scaffolds; occasionally kneel, crouch, stoop, and bend but not on a repetitive basis; avoid crawling, hazards, dangerous machinery, unprotected heights, vibrations, extreme cold, and repetitive trunk twisting.

Based on the testimony of the vocational expert, the ALJ found that Plaintiff is able to perform past relevant work as a financial advisor (DOT No. 250.257-014, SVP-8), consultant (DOT No. 189.167-010, SVP-8), marketing (DOT NO. 050.067-014, SVP-7), financial manager (DOT No. 186.167-086, SVP-8), and vocational instructor (DOT No. 097.221-010, SVP-7).

Therefore, the ALJ concluded that Plaintiff has not been disabled, within the meaning of the Social Security Act, from July 20, 2010 through the date of the decision.

### III. <u>STANDARD</u>

The Commissioner's denial of benefits may be set aside if it is based on legal error or is not supported by substantial evidence. <u>Jamerson v. Chater</u>, 112 F.3d 1064, 1066 (9th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance. <u>Id.</u> Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." <u>Flaten v. Secretary of Health & Human Servs.</u>, 44 F.3d 1453, 1457 (9th Cir. 1995). A denial of benefits must be upheld if the evidence could reasonably support either affirming or reversing the ALJ's decision. <u>Robbins v. Social Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006).

### IV. <u>DISCUSSION</u>

Plaintiff contends that the Commissioner's decision should be reversed and that this matter should be remanded for further proceedings because: (1) the ALJ impermissibly rejected treating physician Dr. Tung's opinion regarding Plaintiff's

residual functional capacity; and (2) the ALJ failed to include mild mental limitations in his hypothetical to the vocational expert. As discussed below, the Court finds that Plaintiff's arguments have merit and warrant vacating the ALJ's decision and remanding this case for further proceedings.

A. <u>Rejection of Treating Physician's Opinion</u>

Plaintiff argues that the ALJ impermissibly rejected Dr. Tung's opinion that Plaintiff should be allowed breaks of approximately ten minutes every hour if he is sitting, and that a situation where he could alternate sitting and standing would likely be best for him. The Court agrees that the ALJ failed to provide specific and legitimate reasons, supported by the record, for rejecting Dr. Tung's opinion.

1. <u>Dr. Tung's Treatment of Plaintiff and RFC Opinion</u>

In October or November of 2008, Plaintiff was referred to Howard Tung, M.D., who, after imaging Plaintiff's lumbar spine, referred Plaintiff to Dr. Lars Newsome for epidural steroid injections. (AR 490.). Due to continued back pain, Plaintiff underwent surgery on February 17, 2010. Dr. Tung performed an L5-S1 decompression, interbody and instrumented fusion. (AR 301.)

After the surgery, Plaintiff continued to see Dr. Tung with complaints about low-back pain. (AR 347, 349, 351, 391, 393.) Plaintiff explained that the pain and spasms were worse when sitting. (AR 391.)

In a Chart Note dated May 12, 2011, Dr. Tung stated that Plaintiff continued to have chronic symptoms of residual low back pain. (AR 391.) Dr. Tung opined, "Given that his surgery for L5-S1 spondylolisthesis with spondylolysis is now over one year ago, Mr. Reddick will likely have chronic residual symptoms." (<u>Id.</u>) Dr. Tung recommended: "He should avoid prolonged sitting, no greater than six hours in an eight hour day. He should be allowed breaks of approximately ten minutes every hour if he is sitting. A situation where he could alternate sitting and standing

would likely be best for him."  (Id.)

### 2. ALJ's Rejection of Dr. Tung's Opinion

Impartial medical expert, Allan Levine, M.D., participated via telephone in the hearing before the ALJ.  He opined that Plaintiff should be able to "sit six hours out of eight hours with customary breaks."  (AR 71.)

The ALJ stated that he assigned "partial weight" to Dr. Tung's opinion and gave "great weight" to Dr. Levine's.  (AR 33.)  However, with respect to Plaintiff's limitations with respect to sitting, the ALJ found that Plaintiff could sit up to 6 hours out of an 8-hour day. (AR 28.)  The ALJ did not find that Plaintiff needed special breaks when sitting for prolonged periods of time.  Therefore, as to Plaintiff's limitations regarding sitting, the ALJ essentially rejected Dr. Tung's opinion and adopted Dr. Levine's.

### 3. Failure to Provide Sufficient Reasons

As a general matter, opinions of treating physicians are given controlling weight when supported by medically acceptable diagnostic techniques and when not inconsistent with other substantial evidence in the record.  See 20 C.F.R. § 404.1527(d)(2); SSR 96-2p.  Where a treating physician's opinion is contradicted by another doctor, the ALJ may not reject the treating physician's opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record.  Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1990).  In doing so, the ALJ must do more than proffer his own conclusions – he must set forth his own interpretations and why they are superior to that of the treating physician's.  Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).  The ALJ may meet this burden by conducting a detailed and thorough discussion of the facts and conflicting evidence, and by explaining his interpretations and findings.  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ gave the following explanation for giving great weight to Dr. Levine's opinion:

> Dr. Levine had an opportunity to review the claimant's entire medical record and listen to his sworn testimony. Additionally he was given the opportunity to question the claimant and was subject to cross examination by the claimant's counsel. . . . Finally, Dr. Levine is an impartial expert with a speciality [sic] in orthopedics; therefore, he is well qualified to estimate the claimant's limitations from degenerative disc disease, obesity and osteoarthritis of the big toes.

(AR 33.)

The ALJ's articulated reasons for rejecting Dr. Tung's opinion in favor of Dr. Levine's are not specific and legitimate. The ALJ states that Dr. Levine had the opportunity to review the claimant's entire record. However, the ALJ does not point to any specific part of the record reviewed by Dr. Levine and not by Dr. Tung that supports the rejection of Dr. Tung's opinion. Defendant relies on Garcia v. Astrue, 291 Fed. Appx. 796 (9th Cir. 2008), in which the Ninth Circuit found that substantial evidence in the record supported the ALJ's rejection of the examining psychiatrist's report in favor of the testimony of the non-examining psychologist because the non-examining psychologist had a greater record before him when he testified. But in Garcia, the additional information available to the non-examining psychologist included the opinion of another non-treating physician that the treating physician's report was internally inconsistent. Id. at 798. Here, the ALJ did not point to any particular document that undermines Dr. Tung's opinion.

The fact that Dr. Levine had the chance to participate in the hearing and be cross-examined by Plaintiff's counsel (who only asked for clarification about Dr. Levine's opinion regarding Plaintiff's limitations with respect to sitting) is not a valid reason for adopting Dr. Levine's opinion over that of Dr. Tung, who, according to the ALJ, "has seen the claimant on a regular basis and is best able to provide a detailed, longitudinal picture of the claimant's impairment and resulting limitations."

(AR 33.) If Dr. Levine's participation in the hearing was in itself a legitimate reason for adopting his opinion over that of the treating physician, the opinions of treating physicians could be rejected anytime a non-examining physician testifies at a hearing before the ALJ.

Finally, the ALJ states that Dr. Levine is an impartial orthopedic expert. But, as pointed out by Plaintiff, Dr. Tung is a neurosurgeon, who specializes in spinal and brain disorders and who performed Plaintiff's surgery. The Court cannot say that Dr. Levine's specialized knowledge trumps Dr. Tung's in this case.

In sum, the ALJ failed to provide specific and legitimate reasons supported by the record for rejecting Dr. Tung's opinion that Plaintiff needs to take a ten minute break during every hour of sitting. The Court, in its discretion, credits Dr. Tung's opinion as true because Dr. Tung has expertise in spinal disorders, performed Plaintiff's surgery, and treated Plaintiff for years, and his opinion is well-supported by the record. See Vasquez v. Astrue, 572 F.3d 586, 594 (9th Cir. 2008) (explaining that a court has discretion whether to apply the credit-as-true rule, even if application of the rule would not result in the immediate payment of benefits). Therefore, the Court remands for further proceedings to determine whether Plaintiff can perform his past relevant work in light of the limitations found by Dr. Tung.

B. Mild Mental Restrictions

Plaintiff makes the additional argument that the ALJ erred in failing to include his mild mental limitations in the hypothetical posed to the vocational expert ("VE"). Plaintiff is correct—the ALJ was required to include the mild mental limitations in the hypothetical presented to the VE.

The ALJ determined that Plaintiff has mild mental restrictions:

> With regard to concentration, persistence or pace, the claimant has mild difficulties. The claimant reported he was unable to "think well"

>due to side effects of medications (Exhibit 7F/10). He also testified that his medications made him drowsy and it was difficult to concentrate.

(AR 27.)[2] The ALJ found that because Plaintiff's mental impairment caused no more than "mild" limitation in any of the three functional areas and no episodes of decompensation, it was non-severe. (Id.)

However, the ALJ's determination that Plaintiff's mental impairment is not severe does not mean that the ALJ's finding regarding Plaintiff's mild mental restrictions is irrelevant to the residual functional capacity assessment. In Hutton v. Astrue, 491 Fed. Appx. 850 (9th Cir. 2012), the court held that even though the ALJ found that the plaintiff's PTSD was not severe, for purposes of determining the plaintiff's residual functional capacity, the ALJ erred in disregarding his own finding that the plaintiff's PTSD caused some mild limitations in the areas of concentration, persistence, or pace. Id. at 851. See also Kramer v. Astrue, 2013 WL 256790 (C.D. Cal. Jan. 22, 2013) (holding that ALJ erred in failing to include mild limitations with respect to concentration, persistence, or pace in his assessment of the plaintiff's residual functional capacity and in the hypothetical he posed to the VE).

On remand, the ALJ must include Plaintiff's mild mental restrictions in assessing Plaintiff's residual functional capacity and must include these limitations in any hypothetical posed to the VE.

---

[2] The record is replete with references to Plaintiff complaining about his medication adversely affecting his concentration and decision-making abilities. See, e.g., A.R. 393 ("[T]he medications that he has been utilizing do give him some side effects where he feels that he is unable to 'think well.'"); AR 393 ("He has been unable to work, as he feels that he is unable to make 'good decisions' given some of the side effects of his medications . . . ."); AR 476 (Plaintiff indicates that his medications cause drowsiness and lethargy); AR 497 ("He states that . . . medications make him 'groggy' and 'fuzzy' and he does not feel he is able to perform his job properly under the influence of these medications."); AR 579 (email in which Plaintiff states, "The medication helps but the downsides are that it makes me drowsy and lethargic, and I need it to sleep.")

## V. CONCLUSION

For the reasons discussed above, Plaintiff's motion for summary judgment [Doc. 13] is **GRANTED** and Defendant's motion for summary judgment [Doc. 14] is **DENIED**. The Commissioner's decision is **VACATED** and this matter is **REMANDED** for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Dated: July 15, 2016

Barry Ted Moskowitz, Chief Judge
United States District Court