UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS REDDICK,<br><br>                       Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                       Defendant. | Case No.: 16-cv-29-BTM-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES**<br><br>**[ECF No. 22]** |

      Plaintiff's attorney, Brian C. Shapiro ("Counsel"), moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b).  Counsel asks the Court to award $43,000 in attorney's fees from Plaintiff's recovery of $221,000 in past-due social security benefits, and to order Counsel to refund Plaintiff the $3,850 in fees Plaintiff has already paid under the Equal Access to Justice Act ("EAJA").  The Social Security Administration Commissioner filed a brief as a "trustee" but takes no position on the Motion.  Plaintiff has not responded to Counsel's request.  For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for attorney's fees.

.

## I. BACKGROUND

On July 15, 2016, the Court granted Plaintiff's Motion for Summary Judgment, denied Defendant's Cross-Motion for Summary Judgment, and remanded this action for further administrative proceedings. (ECF No. 17). The Court also granted the parties' motion for attorney's fees under the EAJA in the amount of $3,850. (ECF Nos. 20, 21).

On remand, the Administrative Law Judge (ALJ) found Plaintiff was disabled and awarded Plaintiff past-due disability benefits. (ECF No. 22-3) The Notice of Award informed Plaintiff that he was entitled to monthly benefits from January 2011 onward, and that $55,250 of those past-due benefits would be withheld in the event that Counsel requested attorney's fees for work performed before this Court. (ECF No. 22-4).

Counsel now requests $43,000 in attorney's fees pursuant to a contingent-fee agreement in which Plaintiff agreed to give Counsel 25% of any past-due benefits award. (ECF No. 22-2).

## II. LEGAL STANDARD

42 U.S.C. § 406(b)(1) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

When evaluating a request for a contingent fee under § 406(b), courts must first look to the contingent-fee agreement, then test it for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). The following factors, alone or in combination, may warrant a reduction: (1) the result achieved; (2)

"substandard representation"; (3) delay by counsel; and (4) whether "the benefits are large in comparison to the amount of time counsel spent on the case," thereby resulting in a windfall. *Id.* at 805; *see also Crawford v. Astrue*, 586 F.3d 1142, 1151–53 (9th Cir. 2009) (en banc). Courts may request "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent fee cases," to aid in assessing a fee's reasonableness. *Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Counsel bears the burden of establishing that the requested fee is reasonable. *Crawford*, 586 F.3d at 1149.

### III. DISCUSSION

Plaintiff signed a 25% contingent fee agreement, the maximum allowed by 406(b). Nothing in the record suggests that the agreement is invalid. Turning to the reasonableness of the requested $43,000 award, the Court finds that the result was successful and that there is no evidence of substandard representation or delay. The only issue before the Court is the fourth *Gisbrecht* factor, i.e., whether "the benefits are large in comparison to the amount of time [C]ounsel spent on the case" thereby resulting in a windfall. *Gisbrecht*, 535 U.S. at 805.

Counsel submits that his office expended 21.6 hours of attorney and paralegal time, 18.2 hours and 3.4 hours respectively, on the case. (ECF No. 22-1 "Shapiro Decl." ¶ 5; ECF No. 22-5). Counsel requests $43,000, or 19% of the award, which is less than the maximum $55,250 that the Commissioner withheld pursuant to 42 U.S.C. 406(b). (See ECF No. 22-4). Counsel did not submit his typical billing rate, but presented evidence that the 95th percentile hourly rate for all attorneys is $700 and that he has practiced social security law for 22 years. (Shapiro Decl. ¶¶ 7, 8; ECF No. 22-5). The effective hourly rate for work performed here is approximately $1,990. Counsel asserts that this hypothetical rate is proportionate to the time spent on the case and is not a windfall. (ECF No.

22-1 at 5). The Court disagrees.

It is the attorney's buden to "show that the fee is reasonable based on the facts of the particular case." Crawford, 586 F.3d at 1152-53. *Crawford* requires courts to "look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Id.* Here, Counsel makes no argument as to the facts, complexity, or risk involved in Plaintiff's case.

Upon review, the Court concludes that this case was not so complex, and the risk assumed was not so extraordinary as to merit such a departure from average or even high-end contingent-fee awards in other social security cases. *See Hearn v. Barnhart*, 262 F.Supp.2d 1033 (N.D. Cal. 2003) (listing post-*Gisbrecht* cases in which maximum contingent-fee awards ranged from hypothetical rates of $187.55 to $694.44 per hour); *Palos v. Colvin*, 2016 WL 5110243 at *2 n.1 (C.D. Cal. Sept. 20, 2016) (awarding fees that translated to a $1,546.39 hourly rate and citing cases permitting awards not exceeding $1,433.12 per hour); *Thomas v. Colvin*, 2015 WL 1529331 (E.D. Cal. Apr. 3, 2015) (holding 40.8 hours of attorney and paralegal time merited hypothetical $1,093 hourly rate and noting plaintiff submitted declaration supporting award); *cf. Kazanijan v. Astrue*, 2011 WL 2847439 (E.D.N.Y. July 15, 201) (considering the complexity of an administrative record that covered three administrative hearings and counsel's "captivating" and "focused briefing" before awarding a hypothetical $2,100 per hour rate for 19.75 hours of work, when "forty hours or even more would not have been too much for the level and quality of productivity presented"). Here, the Complaint was boiler-plate (ECF No. 1), and the briefing, though effective, was neither time-intensive or complex. (ECF Nos. 13, 16). Counsel made two relatively straightforward arguments: (1) that the ALJ improperly rejected the opinion of a treating physician, and (2) that the ALJ erred by neglecting to include evidence of mental limitations. (ECF No. 13, 16). The

4

Motion for Summary Judgment was thirteen pages, and the Reply was six pages. (ECF Nos. 13, 16). In the absence of any argument about the risk of this case, the Court finds it was a case of average risk.

The Court further notes that the effective rate sought falls outside the range of fees previously awarded by the Ninth Circuit in *Crawford*, to which Counsel was a party-in-interest. *See, e.g., Crawford*, 586 F.3d at 1153 (Clifton, J., concurring in part and dissenting in part) (noting majority approved awards of $519, $875, and $902). $1,990 also falls outside the range of effective rates that courts in this district regularly approve of. *See, e.g., Iler v. Berryhill*, No. 14-CV-2026-MMA (BGS), 2018 WL 3969182, at *2 (S.D. Cal. Aug. 20, 2018) (approving effective hourly rate of $341); *Richardson v. Colvin*, No. 15-CV-1456-MMA-BLM, 2017 WL 1683062, at *2 (S.D. Cal. May 2, 2017) (approving effective hourly rate of $770); *Likens v. Colvin*, No. 11-CV-0407-LAB (BGS), 2014 WL 6810657, at *2 (S.D. Cal. Dec. 2, 2014) (approving effective hourly rate of $666.68); *Nash v. Colvin*, No. 12-CV-2781-GPC (RBB), 2014 WL 5801353, at *2 (S.D. Cal. Nov. 7, 2014) (approving effective hourly rate of $656 per hour); *Sproul v. Astrue*, No. 11-CV-1000-IEG (DHB), 2013 WL 394053, at *2 (S.D. Cal. Jan. 30 2013) (approving effective hourly rate of $800). Counsel has not argued that his law office was extraordinarily efficient, or that he or others with commensurate experience have previously received a de facto hourly rate of $1,990. See *Harrell v. Berryhill*, 2018 WL 4075883 at *4 (N.D. Cal. Aug. 27, 2018) (considering whether attorney "has ever actually been awarded a de facto hourly rate in the $1,213 neighborhood"). Counsel provides no cases demonstrating his typical rate, and a review of Counsel's recent cases suggests Counsel is typically awarded no more than $1,000 as a de facto hourly rate. *See, e.g., Johnson v. Berryhill*, No. 15-cv-1959-JEM, 2017 WL 5891671, at *2 (C.D. Cal. Nov. 28, 2017) (awarding effective hourly rate of $333.37 per hour for 23.7 hours); *Richardson v. Colvin*, No. 15-CV-1456-MMA-BLM, 2017 WL 1683062, at *2 (S.D.

Cal. May 2, 2017) (awarding effective hourly rate of approximately $770); *Likens v. Colvin*, No. 11-CV-0407-LAB BGS, 2014 WL 6810657, at *2 (S.D. Cal. Dec. 2, 2014) (awarding effective hourly rate of $666.68); *Martinez v. Berryhill*, No. 13-CV-272 JLS (JLB), 2017 WL 4700078, at *3 (S.D. Cal. Oct. 19, 2017) (awarding de facto hourly rate of $886.52 per hour for 28.2 hours); *Truett v. Berryhill*, No. 13-CV-2742 W (BLM), 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017) (awarding de facto hourly rate of $1,788.62 for 12.3 hours of work); *Shubin v. Colvin*, No. SACV 13-0146-DTB, 2015 WL 233243, at *2 (C.D. Cal. Jan. 15, 2015) (awarding hourly rate of $1,020.40); *Lule v. Berryhill*, No. 1:15-CV-01631-JLT, 2017 WL 1881390, at *4 (E.D. Cal. May 9, 2017) (awarding hourly rate of $190.89); *Martinez v. Colvin*, No. 1:13-CV-01491-BAM, 2016 WL 1600184, at *2 (E.D. Cal. Apr. 21, 2016) (awarding hourly rate of $652.41); *Rangel v. Colvin*, No. 12-CV-01169-JLT, 2014 WL 6390864, at *2 (E.D. Cal. Nov. 14, 2014) (awarding effective hourly rate of $365.29 for 30.4 hours of work); *Buchanan v. Astrue*, No. CV 05-6146 AJW, 2009 WL 113866, at *5 (C.D. Cal. Jan. 15, 2009) (awarding effective hourly rate of $527.50). Apart from outlier rates of $1,788.62 and $190.89, Counsel's de facto hourly rates range from $333.37 to $1,020.40. Including both outlier rates, Counsel's average de facto rate is $720.17.

Given the amount and complexity of the work performed, the limited risk assumed, and the typical effective hourly rates courts approve, the Court finds it appropriate to exercise its discretion and reduce this award. However, the Court also considers the successful result Counsel achieved for Plaintiff, and the extent to which Counsel's 22 years of experience enabled him to work efficiently. In the absence of any uniform, specific methodology for reducing an unreasonable fee to a reasonable one, the Court uses Counsel's average de facto rate of $720.17 as a baseline, and then multiplies it by 1.5 to arrive at a de facto rate that reflects the risk Counsel took in Plaintiff's specific case, which required Counsel to make nuanced arguments about mild mental restrictions. *See Harrell v. Berryhill*, No.

16-CV-02428-MEJ, 2018 WL 4075883, at *4 (N.D. Cal. Aug. 27, 2018) (deploying similar methodology); *Edwards v. Berryhill*, No. ED CV 14-1798-E, 2017 WL 3913209, at *6 (C.D. Cal. Sept. 6, 2017) (acknowledging "the regrettable imprecision of the analysis through which the Court has determined a 'reasonable' fee"). The resulting de facto hourly rate is $1,080.26. Thus, for 21.6 hours of work, the total fee award is $23,333.51.

## IV. CONCLUSION

The motion for attorney's Fees is **GRANTED IN PART** and **DENIED IN PART**. The Court awards attorney's fees to Brian C. Shapiro in the amount of $23,333.51. Counsel must reimburse Plaintiff $3,850, the amount paid by the government under the EAJA.

IT IS SO ORDERED.

Dated: March 11, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge