UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS REDDICK,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 16-cv-29-BTM-BLM<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION**<br><br>**[ECF Nos. 28, 29]** |

Pending before the Court is a Motion for Reconsideration of the Court's Order awarding attorney's fees from Plaintiff's recovery of past-due social security benefits. (ECF No. 26). Plaintiff's counsel ("Counsel") argues that the Court's decision is legally erroneous and raises issues of law and fact not before it. (ECF No. 29 at 1). For the reasons set forth below, the Court GRANTS the Motion.

## I. BACKGROUND

On July 15, 2016, the Court granted Plaintiff's Motion for Summary Judgment, denied Defendant's Cross-Motion for Summary Judgment, and remanded this action for further administrative proceedings. (ECF No. 17). The

Court also granted the parties' motion for attorney's fees under the EAJA in the amount of $3,850. (ECF Nos. 20, 21).

On remand, the Administrative Law Judge (ALJ) found Plaintiff was disabled and awarded Plaintiff $221,000 in past-due disability benefits. (ECF No. 22-3) The Notice of Award informed Plaintiff that he was entitled to monthly benefits from January 2011 onward, and that $55,250 of those past-due benefits would be withheld in the event that Counsel requested attorney's fees for work performed before this Court. (ECF No. 22-4).

In May 2018, Counsel requested $43,000 in attorney's fees pursuant to a contingent-fee agreement in which Plaintiff agreed to give Counsel 25% of any past-due benefits award. (ECF No. 22-2). On March 11, 2019, the Court awarded Counsel $23,333.51 in attorney's fees for the 21.6 hours Counsel spent representing claimant before this Court. (ECF No. 26).

Counsel timely moved for reconsideration. (ECF No. 29). The Court invited responsive briefing from Plaintiff, who did not respond, and the Social Security Commissioner. (ECF No. 31). The Commissioner took no position on the Motion for Reconsideration, instead reiterating her previous analysis of the requested fees and stating "it is up to the Court to determine whether Counsel's requested hourly rate is reasonable." (ECF No. 32 at 2). Counsel replied, arguing "the Commissioner's suggestion that this Court can or should set an hourly rate is wrong." (ECF No. 33 at 2).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move to alter or amend a judgment within 28 days of the judgment's entry. Reconsideration is an "extraordinary remedy, to be used sparingly." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration may be appropriate if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly

unjust, or (3) there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### III. DISCUSSION

The Court reduced the requested award because the Court considered $43,000 for 21.6 hours of work a windfall. (ECF No. 26 at 3-4). The Ninth Circuit and United States Supreme Court permit district courts to reduce requested fee awards if the attorney's fees are not in proportion to time spent on the case, so long as the Court respects the contingent nature of the representation and uses the lodestar as an aid rather than a starting point in ascertaining reasonableness. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc) ("The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case.") (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). After considering the record and fees awarded in similar cases, the Court adjusted the lodestar to account for the risk Counsel assumed. (ECF No. 26 at 5-7). The resulting award was $23,333.51 for 21.6 hours of work, or 10.6% of the $221,000 in past-due benefits. (ECF No. 26 at 7).

However, the Court is now persuaded that this approach was erroneous under *Crawford*. *See Crawford*, 586 F.3d at 1150-52. Like the district courts in *Crawford*, the Court arrived at a final "reasonable" award by adjusting upward from a lodestar, which is impermissible. *Id.* at 1145-46, 1151. But perhaps most significantly, the Court erred by failing consider the full extent of risk borne by contingency fee attorneys in social security cases. As the Ninth Circuit explained, "[l]odestar fees will generally be much less than contingent fees

because the lodestar method tends to under-compensate attorneys for the risk they undertook in representing their clients." *Id.* at 1150. This includes "the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." *Id.* at 1152. Given the deferential standard of review, these cases are hard to win. Counsel bore that risk, and has waited years for payment. The Court thus concludes the requested fee was not a windfall, and that the Court's decision to reduce the requested attorney's fee award by 43% failed to respect the primacy of the lawful contingent fee agreement and was made in error. Because none of the *Gisbrecht* factors weigh in favor of a reduction, and because Counsel requested 19.45% of past-due-benefits, which falls below the 25% statutory cap, the Court further concludes the requested $43,000 fee is reasonable. *See Culbertson v. Berryhill*, 139 S.Ct. 517, 519, 521 (2019) (holding that 42 U.S.C. § 406(b)'s 25% cap on attorney's fees does not limit the aggregate fees awarded for representation before both the agency and the court).

## IV. CONCLUSION

The Court GRANTS the Motion for Reconsideration. Counsel has already received $23,333.51 in attorney's fees and reimbursed Plaintiff $3,850, the amount paid by the government under the EAJA. (ECF No. 33 at 4). The Court awards an additional $19,666.49 attorney's fees to Brian C. Shapiro, for a total award of $43,000.

**IT IS SO ORDERED.**

Dated: May 30, 2019

Honorable Barry Ted Moskowitz
United States District Judge